IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEVIN WILLIAMS, # B-81986, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-00523-GPM |
| | ) | |
| CHRISTI BROWN, | ) | |
| VIPIN SHAH,  and | ) | |
| DONALD GAETZ, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Kevin Williams, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1).  Plaintiff, a chronic asthmatic, claims that upon his arrival at Pickneyville in January 2012 his rescue inhaler was confiscated as contraband.  In March 2012, Plaintiff suffered an asthma attack and, without a rescue inhaler, was forced to use the panic alarm in his cell.  When Plaintiff subsequently requested an inhaler from Defendant Dr. Vipin Shah, he was told that he would have to wait six months to receive one.  According to Plaintiff, Dr. Shah also reprimanded nurses for trying to give Plaintiff an inhaler.  Two days later, Plaintiff had to again be treated for his asthma, and he was again denied an inhaler; to this day, he has not been given an inhaler.

Plaintiff claims that Dr. Shah and the Pinckneyville Health Care Unit have been deliberately indifferent to his serious, life-threatening medical condition, in violation of the Eighth Amendment prohibition against cruel and unusual punishment.  Dr. Shah, Health Care Unit Administrator Christi Brown, and Pinckneyville Warden Donald Gaetz are named as

defendants.  Plaintiff seeks compensatory damages, an investigation by an outside party, and the termination of Dr. Shah.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se*

complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A.

**The Complaint**

As already indicated, the complaint asserts the following claim(s):

**Count 1: Defendants Dr. Vipin Shah, Health Care Unit Administrator Christi Brown, and Warden Donald Gaetz were deliberately indifferent to Plaintiff Kevin Williams' serious medical needs, in violation of the Eighth Amendment prohibition against cruel and unusual punishment.**

**Discussion**

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST. amend. VIII; *Berry v. Peterman,* 604 F.3d 435, 439 (7th Cir. 2010). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Greeno,* 414 F.3d at 653, *citing Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (internal quotations omitted). A serious medical condition is one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Edwards v. Snyder,* 478 F.3d 827, 830–31 (7th Cir. 2007). To satisfy the subjective component, a prisoner must demonstrate that the prison official "knew of a

substantial risk of harm to the inmate and disregarded the risk." *Greeno,* 414 F.3d at 653. "Deliberate indifference cannot rest on negligent actions or inactions, but must instead rest on reckless indifference to the plight of an inmate." *Cavalieri v. Shepard,* 321 F.3d 616, 626 (7th Cir. 2003).

Here, the first prong of the deliberate indifference analysis—a serious medical condition—is met. "As a general matter, asthma 'can be, and frequently is, a serious medical condition, depending on the severity of the attacks.'" *Lee v. Young*, 533 F.3d 505, 510 (7th Cir. 2008), *quoting Board v. Farnham,* 394 F.3d 469, 484 (7th Cir. 2005). As to the second prong of the analysis, the complaint clearly alleges that Dr. Shah deliberately disregarded a risk to Plaintiff's health. Defendants Brown and Gaetz require further discussion.

In order to be held *individually* liable under Section 1983, a defendant must be personally involved in the alleged constitutional violation. *See Munson v. Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012), *quoting Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010), *and Palmer v. Marion Cnty.,* 327 F.3d 588, 594 (7th Cir. 2003). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer,* 327 F.3d at 594. For supervisors, the personal responsibility requirement of Section 1983 is satisfied if the conduct causing the constitutional violation occurred at the supervisor's direction or with his knowledge and consent. *See Hildebrandt v. Illinois Dep't of Natural Resources,* 347 F.3d 1014, 1039 (7th Cir. 2003). The supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some casual connection or affirmative link between the action complained about and the official sued is necessary for [Section] 1983 recovery." *Hildebrandt,* 347 F.3d at 1039, *quoting Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995).

In the complaint here, there are no allegations particular to Warden Gaetz and Health Care Unit Administrator Brown. A review of the documents attached to the complaint reveal that Warden Gaetz was alerted to Plaintiff's situation by way of an administrative grievance, the denial of which was ultimately approved by Warden Gaetz (Doc. 1, p. 8). However, this is insufficient for liability to attach. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006). Therefore, any claim against Warden Gaetz in his individual capacity fails. Administrator Brown was also made aware of the situation via a grievance (Doc. 1, pp. 8-9). However, Brown merely provided information in connection with the grievance; moreover, she merely conveyed that any policy regarding inhalers was attributable to Wexford, the prison healthcare provider, which is not a named defendant. Therefore, Plaintiff has failed to state a colorable claim against Administrator Brown in her individual capacity.

Thus, the individual capacity claims against Defendants Gaetz and Brown shall be dismissed without prejudice. That, however, does not end the necessary analysis. The Court liberally construes the complaint as seeking injunctive relief. The proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out—usually the chief administrative officer of the prison, meaning the warden. *See Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011). Nevertheless, defendants sued in their official capacities are immune from claims for monetary damages. *See Brown v. Budz,* 398 F.3d 904, 917–18 (7th Cir. 2005) ("To the extent [the plaintiff] seeks monetary damages from defendants acting in their official capacity, those claims . . . are dismissed as they are barred by the Eleventh Amendment."); *see also Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011).

Consequently, Warden Gaetz shall remain a defendant to this action, but *only* in his official capacity for purposes of injunctive relief.

**Pending Motions**

Plaintiff's motion for service of process at government expense (Doc. 4) shall be granted. By separate Order, Plaintiff was granted leave to proceed *in forma pauperis* (Doc. 8). Therefore, pursuant to 28 U.S.C. § 1915(d), officers of the Court shall effect service of process and the complaint.

Plaintiff's motion for recruitment of counsel (Doc. 2) shall be referred to United States Magistrate Judge Donald G. Wilkerson for further consideration.

**Disposition**

For the reasons stated above, the Eighth Amendment claims against Defendants **WARDEN DONALD GAETZ** and **HEALTH CARE ADMINISTRATOR CHRISTI BROWN** in their individual capacities are **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. Defendant **HEALTH CARE ADMINISTRATOR CHRISTI BROWN** is **DISMISSED** from this action without prejudice.

Defendant **WARDEN DONALD GAETZ** shall remain a defendant to this action, but *only* in his official capacity for purposes of injunctive relief.

The Eighth Amendment claim against Defendant **DR. VIPIN SHAH** shall proceed.

Plaintiff's motion for service of process at government expense (Doc. 4) is **GRANTED**. Accordingly, the Clerk of Court shall prepare for Defendants **DR. VIPIN SHAH** and **WARDEN DONALD GAETZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's

place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge

Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: July 8, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge